IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CASE NO. 25-MJ-1235-CJC |
| | * |
| CHRISTOPHER ALLAN TISOY, | * |
| | * |
| Defendant | * |
| | * |

*******

## GOVERNMENT'S DETENTION MEMORANDUM

### Introduction

The Court should order pre-trial detention of Defendant Christopher Allan Tisoy on the pending criminal complaint in the District of Massachusetts. D. Mass. Case No. 25-MJ-5141-JGD. Tisoy is charged with sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a), and he therefore must overcome a presumption that he should be detained. *See* 18 U.S.C. § 3142(e)(3)(E). He cannot do so. Tisoy poses a danger to the community, and given his status as a foreign national with no known ties to the United States beyond his current residency, he also poses an extreme risk of flight. No condition of combination of conditions can reasonably assure Tisoy's appearance in court or the safety of the community, and he should be detained.

### Procedural Background and Legal Framework

On May 5, 2025, the Honorable Judith G. Dein, U.S. Magistrate Judge for the District of Massachusetts, authorized a Criminal Complaint against Tisoy and co-defendant Joshua DeWitte for sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) and (e). On May 12, 2025, DeWitte was ordered detained pretrial.

Pursuant to 18 U.S.C. § 3142(e)(3)(E), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of

the personas required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed . . . an offense involving a minor victim" under 18 U.S.C. § 2251.  When the presumption of detention applies, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case."  *United States v. Lee*, No. ELH-19-159, 2020 WL1974881, *4 (D. Md. Apr. 24, 2020) (quoting *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007).  Even if the defendant proffers evidence, the Court must still conduct a totality-of-the-circumstances analysis of the factors found in 18 U.S.C. § 3142(g).  *See id.*

When seeking a detention order, the Government may proceed by proffer of evidence.  *See United States v. White*, PWG-13-436, 2015 WL 2374229, at *2 (D. Md. May 15, 2015).  In determining whether detention is warranted, 18 U.S.C. § 3142(g) directs the Court to consider the following factors:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release.

## Factual Background

As set forth in the affidavit supporting the Complaint, investigators in Massachusetts identified Telegram conversations between Tisoy (identified in Telegram as "Chris") and DeWitte found during a search of DeWitte's cell phone.  Aff. ¶ 17.  The conversations between Tisoy and DeWitte were explicit and clear:  Tisoy facilitated the creation of child pornography involving multiple minor boys that he then sent to DeWitte in exchange for payment.  *Id.* ¶¶ 18–22.  Tisoy discussed, in graphic detail and with apparent enthusiasm, the sex acts he would compel the minor victims to engage in for his and DeWitte's pleasure.  *Id.* ¶ 18 ("Thisnisgonna be so good / Im so excited."); *id.* ¶ 20 ("Thank u josh.  U make me happy with the boy transactions makes me feel

better less lonely here."). The agent who reviewed the December 15, 2024, exchange between DeWitte and Tisoy confirmed that Tisoy sent a video containing child pornography. *Id.* ¶ 20 n.5.

Based on DeWitte's promise to pay for the December 15 video "by end of day," investigators identified a PayPal payment of $810.47 from DeWitte to Tisoy's PayPal account (under Tisoy's full name). *Id.* ¶ 21. Investigators identified numerous PayPal transactions showing that DeWitte paid Tisoy over $23,000—spread out over 87 separate payments—between July 3, 2023, and December 27, 2024.

When Tisoy was arrested, Tisoy waived his *Miranda* rights and agreed to speak with investigators. During that interview, Tisoy confirmed the allegations in the complaint: that Tisoy helped DeWitte to create videos of minors engaging in sexually explicit conduct, involving minors known to Tisoy, in exchange for money.

Tisoy is a citizen of the Philippines who has been residing in the United States on an H1-B visa since September 16, 2024. *Id.* ¶ 23. The government is unaware of any relatives also residing in the United States. Further, during this interview with investigators, Tisoy stated, "All members of my family live in Bohol," a city in the Philippines, with the exception of his sister, who travels for a living.

### Analysis of 18 U.S.C. § 3142(g) Factors

Tisoy is charged with sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a). The burden is on Tisoy to overcome the resulting presumption that no condition or combination of conditions can guarantee his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(E). He cannot meet that evidentiary burden. Moreover, even if Tisoy were to proffer sufficient evidence to overcome the presumption, the statutory factors, considered under the totality of the circumstances, still compel detention.

Nature and Circumstances of the Offense: Tisoy's offense is among one of the most severe that can be charged under federal law. If convicted, he faces a 15-year mandatory minimum sentence, and a statutory maximum of 30 years, for each count. Upon indictment, in light of the multiple victims Tisoy identified during his interview with investigators, Tisoy faces the prospect of at least two counts of conviction, totaling a potential of 60 years in prison.

Based on the Telegram conversations between Tisoy and DeWitte, the instant offense involved the exploitation of at least four minor boys, all of whom appear to have been acting at Tisoy's instructions as he "directed" the production of videos showing the minors engaged in various sex acts. Tisoy was not a passive party to the offense, nor was he acting as a middleman or distributor of someone else's material. He "gave [the minor victims] detailed bulleted key points" to enact as he exploited them for profit. Aff. ¶ 19. Tisoy then provided the resulting videos to DeWitte, though not without enjoying them himself first. *Id.* ¶ 20 ("Joshhhh soo hotttt.").

Weight of the Evidence Against Tisoy: As described above, the evidence of child exploitation is unambiguous. In the Telegram exchanges found on DeWitte's phone, the discussion of child exploitation is clear, and analysis of the video found in the exchange confirms that the exploitation occurred exactly as Tisoy promised it would, and Tisoy's confession was Mirandized and recorded.

Investigators linked Tisoy to the Telegram exchange found on DeWitte's phone using information from Tisoy's PayPal account and immigration paperwork. The name and email address provided by Tisoy on his visa application match the same information found on his PayPal account. DeWitte sent the December 15, 2024, payment to Tisoy's PayPal account, and further review showed extensive payment activity going back to July 2023. Moreover, investigators were able to match other details of the Telegram exchange to Tisoy beyond the name "Chris" on the

account. Namely, investigators determined from the conversation that "Chris" was from the Philippines but was not physically located in the Philippines at the time of the December 2024 exchanges. Aff. ¶ 17.

<u>History and Characteristics of the Defendant</u>: Tisoy has no criminal record in the United States, but he is a Filipino national with no known ties to the United States beyond his current residence and employment, which themselves have expiration dates. His visa expires in 2026 and his lease expires this year. Regardless of the apparent lack of prior criminal conduct, there is an extreme risk of nonappearance, especially given the serious sentence Tisoy faces if convicted. During his interview with investigators, for example, Tisoy asked if the investigators could instead send him home.

<u>Nature and Seriousness of the Danger to Any Person or the Community</u>: Tisoy sexually exploited minor children for money. Tisoy did so not only by creating videos depicting minors engaging in sexually explicit conduct, but also by brokering a relationship between DeWitte and the minors. During his interview to police, Tisoy admitted that he was the connection between DeWitte and the children and that he watched as DeWitte engaged in oral sex with one of the minors—a minor whom Tisoy and DeWitte later used to create child pornography. The heinous nature of this kind of abuse is precisely the reason that the mere fact of the charge warrants a presumption of detention. Tisoy poses an ongoing and immediate danger to the minor boys he exploited in the exchanges with DeWitte, as well as any other minor victims who he may solicit—or have previously solicited—for similar acts.

## Conclusion

For the reasons stated above, and for any others presented at the detention hearing, there is no condition or combination of conditions that would reasonably assure Tisoy's appearance or the safety of the community, and Tisoy should be detained pending a trial.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

/s/
Michael F. Aubin
Assistant United States Attorney